UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES R. COTTRELL,

                              Plaintiff,

                                                                            Case # 15-CV-702-FPG

v.

                                                                            DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

       James R. Cottrell ("Cottrell" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

       Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 9. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

       On March 7, 2012, Cottrell applied for DIB with the Social Security Administration ("the SSA"), and on March 29, 2012, Cottrell applied for SSI. Tr.[1] 179-86, 194-204. In both applications, he alleged that he had been disabled since January 1, 2005 due to depression, anxiety, lower back pain, and a right shoulder injury. *Id.* After his applications were denied at

---

[1]     References to "Tr." are to the administrative record in this matter.

the initial administrative level, a hearing was held before Administrative Law Judge Donald T. McDougall ("the ALJ") on February 3, 2014 in which the ALJ considered Cottrell's application *de novo*. Tr. 54-95. Cottrell appeared at the hearing with his attorney and testified. *Id.* Josiah L. Pearson, a Vocational Expert ("the VE"), also appeared and testified. Tr. 88-94. On February 20, 2014, the ALJ issued a decision finding that Cottrell was not disabled within the meaning of the Act. Tr. 19-30. That decision became the Commissioner's final decision when the Appeals Council denied Cottrell's request for review on June 11, 2015. Tr. 1-6. Cottrell commenced this action on August 7, 2015, seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.      Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Cottrell's claim for benefits under the process described above. At step one, the ALJ found that Cottrell had not engaged in substantial gainful activity since January 1, 2005, the alleged onset date. Tr. 21. At step two, the ALJ found that Cottrell has the following severe impairments: obesity, degenerative disc disease of the lumbar and cervical spines, a tear in the right shoulder, anxiety, and depression. Tr. 21-22. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 22-24.

Next, the ALJ determined that Cottrell retained the RFC to perform light work[2] with the following limitations: he cannot work with the general public; he cannot have more than frequent contact with coworkers and supervisors; he cannot perform fast paced or assembly line work; he must be able to change position between sitting and standing every 30 minutes; he cannot climb ladders, ropes, or scaffolds; he cannot work around heights or dangerous machinery; he cannot engage in more than occasional balancing, kneeling, stooping, crouching, and crawling; and he is limited to simple, routine, and repetitive work. Tr. 24-27. At step four, the ALJ relied on the

---

[2]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

VE's testimony and found that this RFC prevents Cottrell from performing his past relevant work as a commercial cleaner. Tr. 27.

At step five, the ALJ relied on the VE's testimony and found that Cottrell is capable of making an adjustment to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 28-29. Specifically, the VE testified that Cottrell could work as a housekeeping cleaner, mail clerk, or addresser. *Id.* Accordingly, the ALJ concluded that Cottrell was not "disabled" under the Act. Tr. 29-30.

**II.   Analysis**

Cottrell argues that remand is required because the ALJ violated the "treating physician rule" when he failed to analyze, or even mention, the opinion of his treating physician Hong Rak Choe, M.D. ("Dr. Choe").[3] ECF No. 8-1, at 21-25; ECF No. 10. The Commissioner argues that, although the ALJ did not discuss Dr. Choe's opinion, remand is not required because Dr. Choe's opinion was a "check-box form" that failed to assess Cottrell's mental capacity to perform work-related functions, and because Dr. Choe's opinion stated that Cottrell could not work, which is "an issue reserved to the Commissioner." ECF 9-1, at 23-24. This Court agrees with Cottrell and finds that the ALJ violated the treating physician rule.

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527). Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

---

[3] Cottrell advances other arguments that he believes require reversal of the Commissioner's decision. ECF No. 8-1, at 25-31. However, because this Court disposes of this matter based on the ALJ's violation of the treating physician rule, those arguments need not be reached.

[the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105 (2d Cir. 2003). While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). An ALJ's failure to give "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Burgess v. Astrue*, 537 F.3d 117, 129-30 (2d Cir. 2008) (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)); *see also Schaal*, 134 F.3d at 505 ("We hold that the Commissioner's failure to provide 'good reasons' for apparently affording no weight to the opinion of plaintiff's treating physician constituted legal error.").

Here, the ALJ's decision does not mention Dr. Choe (Tr. 19-30), who treated Cottrell's mental health issues (ECF No. 22; Tr. 487-92). On July 13, 2013, Dr. Choe completed a Mental Residual Functional Capacity Questionnaire. Tr. 487-92. On this form, Dr. Choe indicated that he had been treating Cottrell every four to six weeks for over five years. Tr. 487. Dr. Choe diagnosed Cottrell with major depressive disorder, hypertension, and economic, marital, and family issues. *Id.* He indicated that Cottrell had a GAF score of 55.[4] *Id.* Dr. Choe also noted that Cottrell had chronic depression with anxiety, that he was grieving his mother's death, and that his prognosis was "fair to guarded." *Id.*

Dr. Choe indicated that Cottrell's symptoms included: anhedonia or pervasive loss of interest in almost all activities; feelings of guilt or worthlessness; impairment in impulse control; difficulty thinking or concentrating; and sleep disturbance. Tr. 488-89. Dr. Choe also indicated,

---

[4] The ALJ cites to this GAF score in his decision, and he gives "some weight" to all of the GAF scores in the record, but he fails to analyze or weigh Dr. Choe's opinion in any way.

6

however, that he was "unable to assess" Cottrell's mental abilities and aptitudes needed to do unskilled work. Tr. 489-90. Dr. Choe also completed several "yes" or "no" checkbox questions. Tr. 490-92. Through these questions he indicated that Cottrell's impairments have lasted or can be expected to last at least 12 months, and that Cottrell cannot engage in full-time competitive employment on a sustained basis. Tr. 491-92.

The Commissioner asserts that Dr. Choe's opinion is only "marginally useful" and is "weak evidence" because it contained checkbox questions. ECF No. 9-1, at 23. Although these would have been legitimate reasons for assigning reduced weight to Dr. Choe's opinion, *see Philpot v. Colvin*, No. 12-CV-291 (MAD/VEB), 2014 WL 1312147, at *19 (N.D.N.Y. Mar. 31, 2014) (noting that "[the treating physician]'s opinion was largely a 'checklist' form" and concluding that "[t]he ALJ acted within her discretion in discounting the opinion on this basis"); *Cahill v. Astrue*, No. 11-CV-148, 2012 WL 3777072, at *7 (D. Vt. Aug. 29, 2012) (finding that the ALJ properly discounted a treating physician's opinion where "[a] majority of the[] recommendations were boxes checked on a form"), the ALJ did not discuss these reasons or acknowledge Dr. Choe's opinion in his decision. Tr. 19-30. Thus, the Commissioner's argument fails because she may not substitute her own rationale when the ALJ failed to provide one. *See Snell*, 177 F.3d at 134 ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (internal quotation marks and citation omitted). Moreover, the form of a treating physician's opinion does not affect the ALJ's duty to explain what weight he or she assigns to that opinion. *See* 20 C.F.R. § 404.1527(c)(2).

The Commissioner also argues that the ALJ did not err when he failed to discuss Dr. Choe's opinion because Dr. Choe indicated that Cottrell could not work, which is "an issue reserved to the Commissioner." ECF No. 9-1, at 23-24. It is true that the Commissioner is

responsible for determining whether a claimant meets the statutory definition of disability and that a medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled. 20 C.F.R. § 404.1527(d)(1). However, the ALJ was still obligated to explain why he refused to credit Dr. Choe's findings even though Dr. Choe opined on an issue reserved solely to the Commissioner. *Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (finding that the district court erred when it held that, because the treating physician's opinion went to decisions reserved solely to the Commissioner, the plaintiff was not entitled to an explanation of the reasons why the ALJ refused to credit the treating physician's findings). The Second Circuit has explained that:

> Reserving the ultimate issue of disability to the Commissioner relieves the [SSA] of having to credit a doctor's finding of disability, but it does not exempt administrative decisionmakers from their obligation . . . to explain why a treating physician's opinions are not being credited. The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even—and perhaps especially—when those dispositions are unfavorable.

*Snell*, 177 F.3d at 134. Thus, on remand, Cottrell is entitled to express consideration of Dr. Choe's opinion, a statement of the weight given to that opinion, and good reasons for the ALJ's decision. *Newbury*, 321 F. App'x at 18-19.

Lastly, this Court is not convinced, as the Commissioner argues, that the ALJ's consideration of Dr. Choe's opinion would not change the outcome of this matter and thus any error is harmless. ECF No. 9-1, at 22-23; *see Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration.") (alterations and citations omitted). It is unclear whether the ALJ reviewed Dr. Choe's opinion at all, and Dr. Choe's opinion was more favorable to Cottrell than the other evidence considered. *Zabala*, 595 F.3d at

409. On remand, it is certainly possible that a proper analysis of Dr. Choe's opinion in accordance with 20 C.F.R. 404.1527(c)(1)-(6) could alter the ALJ's decision.

Accordingly, for all the reasons stated, remand is required because the ALJ erred when he failed to explain why he did not credit the opinion of Cottrell's treating physician.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 30, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court